UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Daniel Torrez | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 4, filed February 4, 2026)

## I.   INTRODUCTION

On February 4, 2026, Ehsan Jalal ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Kristi Noem, Pamela Bondi, Todd Lyons, Jaime Rios, and Fereti Semaia, Immigration and Customs Enforcment (ICE), and U.S. Department of Homeland Security (DHS), (collectively, "Respondents").[1] Dkt. 1 ("Pet."). Petitioner asserts six claims for relief: (1) that Respondents failure to provide Petitioner with a meaningful notice of the reasons for the revocation of his release on an order of supervision violates procedural due process; (2) that revocation of Petitioner's release without evidence that he could be removed to any country was arbitrary and capricious; (3) that Respondents violated federal regulations by failing to provide him notice of the reason for his re-detention and an initial informal interview promptly after his re-detention where he may submit evidence to show that his removal is unlikely; (4) that Petitioner's revocation of release was not authorized under federal regulations because it was signed by an officer without the requisite authority; (5) that detention is unlawful because removal is not reasonably foreseeable; and (6) that Petitioner's

---

[1] The individual respondents are sued in their official capacities. Pet. at ¶¶ 18-22. Kristi Noem is the Secretary of DHS ("DHS"); Pamela Bondi is the Attorney General of the United States; Todd Lyons is the Acting Director of ICE; Jaime Rios is the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division (ERO); Fereti Semaia is the warden of the Adelanto ICE Processing Center. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

detention is unlawful because he has not been determined to be a flight risk or danger to the community. Id. at ¶¶ 47-70. Petitioner requests that the Court declare that Petitioner's detention is unlawful, order Petitioner's immediate release from custody, and enjoin Respondents from re-detaining Petitioner or revoking his release without various procedural protections. Id. 10-11.

The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order that would enjoin Respondents from transferring Petitioner out of the Central District of California pending resolution of his petition and order his immediate release on an Order of Supervision. Dkt. 4 ("App."). On February 5, 2026, Petitioner filed a declaration in support of his *ex parte* application. Dkt. 6 ("Jalal Decl.").

On February 9, 2026, Petitioner filed a "Request for Immediate Ruling on Temporary Restraining Order." Dkt. 7. Petitioner notes that Respondents have not responded to Petitioner's *ex parte* application for a temporary restraining order and requests that the Court deem the application unopposed. Id. at 2.

Having carefully considered Petitioner's unopposed submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

Petitioner is a 52-year-old citizen of Afghanistan who has lived in the United States since 1988. Pet. ¶ 2. Petitioner entered the United States as a teenager. Jalal Decl. ¶ 3. Petitioner is married to a lawful permanent resident who is pregnant with their child. Id.

In or about 2001, Petitioner was sentenced to state prison after he was convicted of robbery offenses. Jalal Decl. ¶ 4. In 2016, after his release from state prison, Petitioner was placed in immigration custody. Id. On March 20, 2018, an immigration judge ordered Petitioner removed to Afghanistan. Pet. ¶ 2.

On Petitioner's information and belief, Petitioner was released on an order of supervision ("OSUP") in 2018 after immigration authorities were unable to effectuate his removal to Afghanistan during the removal period. Id. ¶ 3. Petitioner has complied with all conditions of his release on OSUP. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

On January 15, 2026, Petitioner appeared days early for a scheduled check-in with ICE in Los Angeles, California. Id. ¶ 4. There, he was informed that his OSUP was being revoked, and he was being placed back into immigration detention. Id.

Petitioner claims that he was given no justification for the revocation of his OSUP, and he was not provided an interview where he could contest the reason for his detention of demonstrate that his removal is not reasonably foreseeable. Id. Petitioner was transferred to the Adelanto ICE Processing Center in Adelanto, California, where he remained as of the filing of the petition. Id. As of the filing of the petition, Petitioner was detained for 19 days and had not received any notice or explanation for his re-detention or an interview. Id.

Petitioner alleges in the alternative, on Petitioner's information and belief, that ICE created a "Notice of Revocation of Release" stating that Petitioner's release was being revoked because he could be "expeditiously removed" pursuant to the outstanding order of removal against him. Id. ¶ 5. Further, on Petitioner's information and belief, the notice also states that it is expected that Petitioner will be removed to Afghanistan in the foreseeable future. Id. Also, on Petitioner's information and belief, the notice states that ICE is actively pursuing travel documents from the government of Afghanistan. Id.

On Petitioner's information and belief, Petitioner's release was revoked by either a Supervisory Detention and Deportation Officer or a Deportation Officer. Id. ¶ 6.

On January 27, 2026, Petitioner met with an officer in Adelanto who asked him questions about Petitioner's family and told Petitioner that he was going to contact the Afghanistan embassy. Jalal Decl. ¶ 10.

### III.   LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

**IV.   DISCUSSION**

Respondents were provided notice of Petitioner's application for a temporary restraining order on February 4, 2026, and were informed by Petitioner's counsel on February 5, 2026, that Respondents had 48 hours to file an opposition pursuant to the Court's standing notice to counsel. Dkt. 7 at 2. As of February 10, 2026, Respondents have not responded to the application for a temporary restraining order. Id.

The Court finds that Petitioner's *ex parte* request for relief is appropriate because Petitioner's allegation of unlawful detention constitutes irreparable injury. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

However, based on the alleged, unopposed facts in the petition and supporting declaration, the Court finds that Petitioner fails to establish a likelihood of success on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

merits of his claims and fails to establish a likelihood of immediate and irreparable harm in the absence of preliminary relief. Thus, the Court denies Petitioner's application for a temporary restraining order.

    **A.**    **Petitioner has not Demonstrated a Likelihood of Success on the Merits**

Petitioner argues that his detention is unlawful because it violates his Fifth Amendment right to due process, the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(6), and the INA's implementing regulations. App. at 11. Petitioner alleges that the detaining ICE officer explained to Petitioner that he was being detained in order to meet a quota. Jalal Decl. ¶ 7. Petitioner alleges that the officer said that Petitioner would have an opportunity to speak with another officer, and if Afghanistan continued to refuse to issue travel documents, Petitioner would likely be released again. Id. Petitioner alleges that Respondents failed to provide written notice of his revocation of release and an informal interview to contest the reason for his revocation, as required by 8 C.F.R. § 241.13(i)(3) and 8 C.F.R. § 241.4(*l*), which Petitioner argues renders his detention arbitrary and capricious and violates his due process rights. App. at 11-14.

However, Petitioner alternatively alleges that ICE created a "Notice of Revocation of Release" stating that Petitioner's release was being revoked because he could be expeditiously removed pursuant to the 2018 order of removal against him. Pet. ¶ 42. Furthermore, Petitioner also alleges that he had a "meeting with an officer in Adelanto on January 27, 2026." Jalal Decl. ¶ 10.

The government has promulgated regulations concerning the release of noncitizens who are subject to a final removal order. See 8 C.F.R. § 241.4; 8 C.F.R. § 241.13. These regulations authorize the revocation of release on account of violation of the conditions of release or changed circumstances where there is a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. See 8 C.F.R. § 241.4(*l*); 8 C.F.R. § 241.13(i). ICE may revoke that release upon a violation of conditions of release or if "changed circumstances" have led to a determination "that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1), (2); see also Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023) ("ICE's decision to re-detain a noncitizen . . . who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future."). These regulations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

also require that "upon revocation of release," the noncitizen "be notified of the reasons for revocation of his or her release," and be afforded "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(*l*)(1); 8 C.F.R. § 241.13(i)(3).

According to Petitioner's alternative allegations, Respondents notified Petitioner that his release was revoked because his removal was now foreseeable. Pet. ¶ 42. Petitioner was later provided a meeting with an officer at the Adelanto detention facility, where Petitioner and the officer discussed Petitioner's family and plans for ICE to contact the Afghanistan embassy. Jalal Decl. ¶ 10. This notice and informal interview appear to satisfy the procedural requirements for revocation of release. Therefore, the Court finds that Petitioner is not likely to succeed on the merits of any claims based on alleged violations of the revocation procedures.[2]

Petitioner argues that even if Petitioner was given notice that his detention was to effectuate his removal, his detention violates due process because ICE did not provide meaningful information as to why Petitioner's removal is suddenly reasonably foreseeable to which he could respond. App. at 15. Petitioner argues that "[a] bald statement that his removal is reasonably foreseeable without some statement about why it is, actually gave Petitioner no notice at all." Id. Thus, Petitioner argues that the notice is insufficient to comport with the Due Process Clause's requirement that notice be actually informative. Id. Petitioner next contends that his continued detention violates due process because there is no significant likelihood of his removal in the reasonably foreseeable future. Id. (citing Zadvydas v. Davis, 533 U.S. 678 (2001)).

On the present record, the Court finds that the notice of revocation of release provided to Petitioner is sufficient with respect to the requirements of due process because Petitioner was notified that his release was revoked to effectuate his removal. Petitioner may contest the foreseeability of his removal before an immigration officer.[3]

---

[2] Petitioner also alleges that his release was revoked by an officer without lawful authority to revoke such release pursuant to 8 C.F.R. § 241.4(*l*)(2)(iii). Pet. ¶ 43. However, Petitioner has not provided any evidence in support of this allegation.

[3] The applicable regulations provide for a review process if a noncitizen is not released from custody following the informal interview. See 8 CFR 241.4(*l*)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 10, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

Petitioner is not likely to succeed on the merits of his claim that his detention violates due process on the grounds that his removal is not foreseeable. 8 U.S.C. § 1231 directs the Attorney General to remove a noncitizen pursuant to an order of removal and authorizes detention during the removal period. 8 U.S.C. § 1231(a). However, if "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. In Zadvydas, the Supreme Court recognized a presumption that a period of detention of six-months is reasonable to effectuate removal. Id. at 701.

Because Petitioner was only re-detained on January 15, 2026, and Petitioner does not allege that he has a stay or deferral of his removal order, Petitioner has provided no evidence that he cannot be foreseeably removed. Instead, Petitioner merely alleges that there is no evidence that any travel documents have been requested or issued since his re-detention. This is not sufficient to rebut the six-month presumptively reasonable period prescribed in Zadvydas.

Finally, Petitioner is not likely to succeed on his substantive due process claim because his detention is authorized by 8 U.S.C. § 1231(a)(2)(a) for the purpose of effectuating his removal.

In sum, Petitioner has not established that his current detention is unlawful or without due process. Accordingly, Petitioner has not demonstrated that he will suffer irreparable harm in the absence of a temporary restraining order.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Petitioner's request for a temporary restraining order without prejudice to showing changed circumstances with respect to the foreseeability of his removal. The Court retains jurisdiction in this matter.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | DT | | |