UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 19, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                       Not Present

**Proceedings:** (IN CHAMBERS) – PETITIONER'S RENEWED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO RECONSIDER PRIOR FINDING (Dkt. 11, filed February 12, 2026)

## I.  INTRODUCTION

On February 4, 2026, Ehsan Jalal ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Kristi Noem, Pamela Bondi, Todd Lyons, Jaime Rios, and Fereti Semaia, Immigration and Customs Enforcement (ICE), and U.S. Department of Homeland Security (DHS), (collectively, "Respondents").[1] Dkt. 1 ("Pet."). Petitioner asserts six claims for relief: (1) that Respondents failure to provide Petitioner with a meaningful notice of the reasons for the revocation of his release on an order of supervision violates procedural due process; (2) that revocation of Petitioner's release without evidence that he could be removed to any country was arbitrary and capricious; (3) that Respondents violated federal regulations by failing to provide him notice of the reason for his re-detention and an initial informal interview promptly after his re-detention where he may submit evidence to show that his removal is unlikely; (4) that Petitioner's revocation of release was not authorized under federal regulations because it was signed by an officer without the requisite authority; (5) that detention is unlawful because removal is not reasonably foreseeable; and (6) that Petitioner's

---

[1] The individual respondents are sued in their official capacities. Pet. at ¶¶ 18-22. Kristi Noem is the Secretary of DHS ("DHS"); Pamela Bondi is the Attorney General of the United States; Todd Lyons is the Acting Director of ICE; Jaime Rios is the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division (ERO); Fereti Semaia is the warden of the Adelanto ICE Processing Center.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 19, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

detention is unlawful because he has not been determined to be a flight risk or danger to the community. Id. at ¶¶ 47-70. Petitioner requests that the Court declare that Petitioner's detention is unlawful, order Petitioner's immediate release from custody, and enjoin Respondents from re-detaining Petitioner or revoking his release without various procedural protections. Id. 10-11.

The same day, Petitioner filed an *ex parte* application for a temporary restraining order (TRO) that would enjoin Respondents from transferring Petitioner out of the Central District of California pending resolution of his petition and order his immediate release on an Order of Supervision (OSUP). Dkt. 4. On February 5, 2026, Petitioner filed a declaration in support of his *ex parte* application. Dkt. 6 ("Jalal Decl.").

On February 10, 2026, the Court denied Petitioner's application, finding that Petitioner had failed to demonstrate a likelihood of success on the merits that his detention violates due process. Dkt. 10. The Court found that Petitioner had not shown that Respondents violated federal procedural regulations for revocation of his OSUP or that his removal was not foreseeable. Id. 10 at 6, 7. The Court denied Petitioner's application without prejudice to showing changed circumstances with respect to the foreseeability of his removal. Id. at 7.

On February 12, 2026, Petitioner filed the instant renewed *ex parte* application for a TRO. Dkt. 11 ("App."). On February 13, 2026, Petitioner filed a First Amended Petition, dkt. 12 ("F. Am. Pet."). On February 13, 2026, Respondents filed an opposition, dkt. 14 ("Opp."), and a declaration of an ERO deportation officer in support, dkt. 14-1 ("Suarez Decl.").

Having carefully considered Petitioner's unopposed submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Petitioner's alleged facts in his amended petition are generally unchanged from the alleged facts in his initial petition, which are set forth in the Court's February 10 order. Dkt. 10. Petitioner alleges that he has not received any notice or explanation for his re-detention or an interview. F. Am. Pet. ¶ 4. Petitioner alleges that he was not served with a "Notice of Revocation of Release" ("Notice"). Id. ¶ 5. According to Petitioner, if ICE created such Notice for Petitioner's file, ICE did not serve it on Petitioner. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL             'O'

| Case No. | 5:26-cv-00510-CAS-SP | Date | February 19, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

According to Respondents, ERO served Petitioner with a Notice of Revocation of Release on January 15, 2026, the date of Petitioner's detention. Suarez Decl. ¶ 17; see Suarez Decl. Ex. E (alleged true and correct copy of the Notice). Respondents also assert that ERO conducted an informal interview on the same date, in which Petitioner had the opportunity to respond to the reasons for his OSUP revocation and to provide any evidence to show that his removal is unlikely. Suarez Decl. ¶ 18; see also Suarez Decl. Ex. F (alleged true and correct copy of the form documenting the informal interview). According to Respondents, on February 5, 2026, ERO submitted the request for Petitioner's travel document to the Afghanistan embassy in Doha, Qatar. Suarez Decl. ¶ 19. According to Respondents, the request for Petitioner's travel document is pending. Id. ¶ 21.

### III.   LEGAL STANDARD

#### A.   *Ex Parte* TRO

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A TRO is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL 'O'

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00510-CAS-SP | Date | February 19, 2026 |
| Title | Ehsan Jalal v. Kristi Noem et al | | |

(9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

### B. Motion for Reconsideration

In the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." Lorenzo Vargas v. City of Los Angeles, No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611 Fed. Appx. 429, 430 (9th Cir. 2015) (affirming denial of motion for reconsideration for failure to comply with L.R. 7-18).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL              'O'

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00510-CAS-SP | Date | February 19, 2026 |
| Title | Ehsan Jalal v. Kristi Noem et al | | |

## IV. DISCUSSION

Petitioner argues that the Court should reconsider his due process claim on the basis that his clarified allegations demonstrate that Respondents failed to comply with regulations authorizing revocation of his OSUP. Mot. at 12-13. The Court finds that the record does not support Petitioner's allegations. Respondents declare that Petitioner was served a Notice of Revocation of Release and provided an informal interview pursuant to 8 C.F.R. § 241.13(i). See Suarez Decl. ¶¶ 17-18. Moreover, Respondents attach as exhibits signed and dated copies of the alleged Notice and form documenting the "informal interview." See Suarez Decl. Exs. E, F.

Furthermore, Petitioner has not provided any additional evidence suggesting that his removal is not reasonably foreseeable. To the contrary, Respondents have declared that the request for Petitioner's travel document is pending with the Afghanistan embassy. Suarez Decl. ¶ 21.

Accordingly, Petitioner has not presented any new material facts to justify reconsideration of the Court's previous conclusion that Petitioner fails to demonstrate a likelihood of success on the merits that his detention is unlawful on either procedural or substantive due process grounds.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Petitioner's renewed request for a temporary restraining order without prejudice to showing changed circumstances with respect to the foreseeability of his removal. Pursuant to General Order No. 05-07, further proceedings on the merits of the amended petition are referred to the assigned magistrate judge for decision.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |