UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | Date | April 2, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

Present: The Honorable          CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) – PETITIONER'S THIRD EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO RECONSIDER PRIOR FINDING (Dkt. 18, filed March 31, 2026)

## I.    INTRODUCTION

On February 4, 2026, Ehsan Jalal ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Kristi Noem, Pamela Bondi, Todd Lyons, Jaime Rios, and Fereti Semaia, Immigration and Customs Enforcement (ICE), and U.S. Department of Homeland Security (DHS), (collectively, "Respondents").[1] Dkt. 1 ("Pet."). Petitioner asserts six claims for relief: (1) that Respondents failure to provide Petitioner with a meaningful notice of the reasons for the revocation of his release on an order of supervision violates procedural due process; (2) that revocation of Petitioner's release without evidence that he could be removed to any country was arbitrary and capricious; (3) that Respondents violated federal regulations by failing to provide him notice of the reason for his re-detention and an initial informal interview promptly after his re-detention where he may submit evidence to show that his removal is unlikely; (4) that Petitioner's revocation of release was not authorized under federal regulations because it was signed by an officer without the requisite authority; (5) that detention is

---

[1] The individual respondents are sued in their official capacities. Pet. at ¶¶ 18-22. Kristi Noem is the Secretary of DHS ("DHS"); Pamela Bondi is the Attorney General of the United States; Todd Lyons is the Acting Director of ICE; Jaime Rios is the Acting Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division (ERO); Fereti Semaia is the warden of the Adelanto ICE Processing Center. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | Date | April 2, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

unlawful because removal is not reasonably foreseeable; and (6) that Petitioner's detention is unlawful because he has not been determined to be a flight risk or danger to the community. Id. at ¶¶ 47-70.  Petitioner requests that the Court declare that Petitioner's detention is unlawful, order Petitioner's immediate release from custody, and enjoin Respondents from re-detaining Petitioner or revoking his release without various procedural protections. Id. 10-11.

The same day, Petitioner filed an *ex parte* application for a temporary restraining order (TRO) that would enjoin Respondents from transferring Petitioner out of the Central District of California pending resolution of his petition and order his immediate release on an Order of Supervision (OSUP). Dkt. 4.

On February 10, 2026, the Court denied Petitioner's application, finding that Petitioner had failed to demonstrate a likelihood of success on the merits that his detention violates due process. Dkt. 10.  The Court found that Petitioner had not shown that Respondents violated federal procedural regulations for revocation of his OSUP or that his removal was not foreseeable. Id. 10 at 6, 7.  The Court denied Petitioner's application without prejudice to showing changed circumstances with respect to the foreseeability of his removal. Id. at 7.

On February 12, 2026, Petitioner filed a renewed *ex parte* application for a TRO. Dkt. 11.  On February 13, 2026, Petitioner filed a First Amended Petition, dkt. 12 ("F. Am. Pet.").

On February 19, 2026, the Court denied Petitioner's renewed application for a TRO.  Dkt. 15.  The Court found that the record did not support Petitioner's allegation that Respondents failed to comply with regulations authorizing revocation of his OSUP. Id. at 5.

On March 29, 2026, Petitioner filed a motion to amend his petition, dkt. 17, and a declaration, dkt. 17-2 ("Jalal Decl.").  On March 31, 2026, Petitioner filed a third *ex parte* application for a TRO.  Dkt. 18 ("App.").

On April 1, 2026, Respondents filed a reply to Petitioner's third application.  Dkt. 20 ("Reply").  Respondents' reply states that "Respondents are not presenting an opposition argument at this time." Id. at 1.

Having carefully considered Petitioner's unopposed application, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | | Date | April 2, 2026 |
|---|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | | |

## II.    BACKGROUND

Respondents do not contest the facts alleged by Petitioner in the Jalal Declaration. The Court also cites facts from the Declaration of Jorge Suarez. Dkt. 12-1 ("Suarez Decl.").

Petitioner is a 53-year-old citizen of Afghanistan. Jalal Decl. ¶ 1. Petitioner alleges that he fled Afghanistan with his family when he was approximately five years old because his father was an enemy of the communist government that took over Afghanistan in the 1970s. Id. ¶ 11. Petitioner entered the United Sates in 1988 when he was a teenager. Id. ¶ 1. On April 22, 1988, Petitioner was admitted to the United States as a lawful permanent resident. Suarez Decl. ¶ 6.

On March 12, 2002, Petitioner was convicted in Los Angeles County Superior Court of 14 counts of second-degree robbery in violation of California Penal Code § 211. Id. ¶ 7. Petitioner was sentenced to 18 years imprisonment. Id. On November 22, 2016, Petitioner was transferred into ICE custody upon his release from the California Institute for Men. Id. ¶ 8. On November 23, 2016, DHS served Petitioner with a Notice to Appear (NTA), commencing removal proceedings. Id. ¶ 9. On July 17, 2017, an immigration judge denied Petitioner's applications for asylum, withholding of removal under the Convention Against Torture (CAT) and ordered Petitioner removed to Afghanistan. Id. ¶ 10. On August 10, 2017, Petitioner appealed this decision to the Board of Immigration Appeals (BIA). Id. ¶ 11. On December 29, 2017, the BIA remanded the case to the immigration judge to conduct additional fact finding and analysis with respect to whether Petitioner established a likelihood of torture if removed to Afghanistan. Id. ¶ 12. On March 20, 2018, the immigration judge denied Petitioner's CAT application and ordered him removed to Afghanistan. Id. ¶ 13. Petitioner did not appeal this decision, so the removal order is final. Id.

Petitioner was held in detention for approximately four months while ICE officers attempted to remove him to Afghanistan. Jalal Decl. ¶ 4. On July 18, 2018, ICE released Petitioner from custody and placed him under an OSUP. Id. ¶ 6; Suarez Decl. ¶ 14. Petitioner has not violated the terms of his OSUP, attended every immigration appointment, and has not committed any crimes since his release. Jalal Decl. ¶ 6.

On January 15, 2026, Petitioner attended his annual OSUP check-in in Los Angeles, where he was arrested by ICE. Id. ¶ 7; Suarez Decl. ¶ 15. Petitioner informed the ICE officer that his wife is pregnant. Jalal Decl. ¶ 10. Petitioner argues that he has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | Date | April 2, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

no way to prove his Afghanistan citizenship because his father and mother have never had passports from Afghanistan or a Tazkira (Afghan identity card). Id. ¶ 12. Petitioner does not have and has never had a Tazkira, and Afghan passport, a civil record of birth in Afghanistan, or records of his father's or mother's Afghan citizenship. Id.

## III. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A TRO is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | Date | April 2, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

### B.    DISCUSSION

### A.    Petitioner is Likely to Succeed on the Merits as to his Unlawful Detention Claims

The parties do not dispute that Petitioner has been cumulatively detained for longer than the presumptively reasonable six-month period under Zadvydas v. Davis, 533 U.S. 678 (2001) after a final order of removal has been issued.  Numerous courts interpreting Zadvydas have held that "the six-month period does not reset when the government detains a[ ] [noncitizen] ..., releases him from detention, and then re-detains him again."  Sied v. Nielsen, No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (citing cases); see also Siguenza v. Moniz, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.") (collecting cases across circuits); Abubaka v. Bondi, No. 25-cv-1889, 2025 WL 3204369, at *3 (W.D. Wash. Nov. 17, 2025) ("[W]here a petitioner has been detained and released by ICE multiple times after a final order of removal, 'the clock' on Zadvydas's six-month period of presumptive reasonability does not re-start with each successive detention.").  The Court is persuaded by these courts' interpretation of the Zadvydas six-month presumption as applied to petitioners who are re-detained pursuant to a final order of removal.

Therefore, it is not presumptively reasonable for the government to detain Petitioner, and if Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.  Petitioner argues that Afghanistan declined to issue travel documents for him in 2018 because he has never had an Afghan passport, birth certificate, Tazkira, or any documents to prove that his father or any other relative was a citizen of Afghanistan when Petitioner was born.  App. at 15-16.  Petitioner argues that the circumstances have not changed such that Afghanistan is likely to issue travel documents for him.  Id.

The Court finds that Petitioner provides good reason to believe that that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  Consequently, the burden shifts to the government to rebut that showing.  Zadvydas, 533 U.S. at 701.  Respondents' non-opposition fails to rebut this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | Date | April 2, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

showing.  Accordingly, Petitioner likely to succeed on the merits of his substantive due process claim under <u>Zadvydas</u>.

### B.    Petitioner is Likely to Suffer Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury.  If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." <u>Baird v. Bonta</u>, 81 F.4th 1036, 1040 (9th Cir. 2023).  Here, the Court finds that Petitioner "establishe[s] a likelihood of irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." <u>Hernandez v. Sessions</u>, 872 F.3d 976, 994 (9th Cir. 2017).

### C.    Balance of Equities and the Public Interest

The last two <u>Winter</u> factors "merge when the Government is the opposing party." <u>Nken v. Holder</u>, 556 U.S. 418, 435 (2009).  The government has a significant interest in the enforcement of its immigration laws.  Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention that is likely in violation of federal law and the Constitution.  <u>See</u> <u>Valle del Sol Inc. v. Whiting</u>, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); <u>see also</u> <u>Rodriguez v. Robbins</u>, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

### D.    Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO.  <u>See</u> <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00510-CAS-SP | Date | April 2, 2026 |
|---|---|---|---|
| Title | Ehsan Jalal v. Kristi Noem et al | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's third application for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody to the conditions of release that existed prior to his re-arrest on January 15, 2026;

2. Respondents shall not re-detain Petitioner absent compliance with constitutional protections and agency regulations;

3. Pursuant to General Order No. 26-05, during the pendency of petitioner's case, the government shall provide at least two days' notice to Petitioner, his counsel, and the Court of its intent to remove Petitioner from the Central District of California;

4. Pursuant to General Order No. 05-07, further proceedings on the merits of the habeas petition, including Petitioner's motion for leave to amend his petition, are referred to the assigned magistrate judge for decision;

5. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing. The parties' briefing on a preliminary injunction should address the extent to which the granting of this TRO renders the preliminary injunction request moot and habeas petition moot;

6. Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order;

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |